ON SUPERVISORY WRITS TO THE NINTH JUDICIAL DISTRICT COURT, PARISH OF RAPIDES
PER CURIAM:
■ hDenied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, relator’s claims regarding the sufficiency of the evidence, the admission of other crimes evidence, and prosecutorial misconduct are repetitive. La.C.Cr.P.' art. 930.4. As to the remaining claims, relator-fails to satisfy his post-conviction burden of proof. La.C,Cr.P. art. 930.2. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state *449 court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive ^application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam,
GENOVESE, J., recused.
I ¡Attachment
*450 CRIMINA!. SOCKET NUMBER; 293,902 DIVISION: V STATE OF LOfflSIANA PRNTH jüDÍCÍAL DISTRICT VERSOS PARISH OF RAJSDBS ROSSEIi GENE WARE, JR. STATE. OF-TOUISIANA ⅞⅛ REASONS ON APRÜtCAT&N .FORPOST-CQNyiCTIQN jKEKHSg STATEMENT!!»? THE ¡TASE Russell Gene Ware, Jr. (“Mr. Ware"] was indicted f>y the Rapides Parish Gíand Jury on September 25, 2008, for the offenses of Aggravated Rape, fa Violation of La. R.S. 14:42, and Sexual Battery, ⅛ violation of La: R.S. 14:43.1, The vfctfm in tttís case, M.H., was eleven years old at the tíme. On November 7, 2008, Mr, Ware was arraigned and entered ptea? of not guilty to both charges, Attorney Bridget Brown was appointed to represent Mi Ware on November 7, 2008. On January 22,2009, a pre-trial-conference was held,>at which time Mr. Ware chose to proceed-to trial, and both matters w^re set few-trial on -July 13,2009. The State Sled a Priehr Motion, and the hear ng Was conducted on May 26, 2009, At the hearing, the trial court, giran ted the State's motion and filed written reasons to support &ereo£ On Juiy 13, 2809, the trial' in these matters was continued by joist motions of the State aad-Pefensa to September 14, 2009. The case-proceeded to trial before .the bench on September 16, 2009. On September. 17,2009, Mr. Ware was found guiljy as charged on both counts of the indictment At his sentencing hearing held on September 25, 2009, Mr. Ware was sentenced to life imprisonment -without benefit of probation, parole, or suspension of sentence for the &arge of Aggravated Rape, and- to twenty-five (25] years at hard iabon, with the Louisiana Department of Corrections without benefit of probation, parole, or suspension l
*451 JLl
[[Image here]]

*452
Jll

[[Image here]]
*453 [[Image here]]
*454 JLl
[[Image here]]
*455 _k
[[Image here]]
*456 k
[[Image here]]
*457 Jifi
[[Image here]]
*458 Jil
[[Image here]]
*459 [[Image here]]
*460 Jj3
[[Image here]]
*461 _b
STATE OR LOUISIANA COURT OP ARPEAS, TRIED CIRCUIT NO: KH15-01149 .Judgment- rendered and mailed to all pashes Or counsel ©f record on May 4, Z816. STATS OE LOUISIANA VERSUS RÜSSKLL GSNB WAKE, JR. FEED: 12/09/15 On appEoation. of Russell Gene Ware, Jr. for Writ of Review in'No. 293-902 sm the dodfcet qf the- Ninth Judicial District Court, Parish, of Rapides, Hon. John C. Davidson. Prose Counsel for: Russell Gene Ware, Jr. Counsel for. Hon. Phillip Terrell, Jr, State of Louisians Lake Charles, Louisiana, on May 4,201 & WRIT DENIED-. We Sad no error to the trM court’s ruling bf April % 2015. Accordingly, Relator’s writ application, is denied as to the issues addressed in -that ruling, Regarding the trial court's ruling of November 9,2015, &⅛ Writ application is deficient in that it &ils ⅛ contain the transcript txf &e .evidentiary hearing, which is essentia! to review the issue of whether Relator was denied ⅛ right to testify at trial. City of Baton Rouge v. Plain, 43,3 So.2d 710 (La.), cert, -denied, 464 U,S, 896, -104 S.Cfc 246 (1983). Thus, we deny Relator’s writ application otx that issue on ⅛® showtagmade, SPvO SRC TEC JBC &⅜ X, dissents in part and would grant file writ and «maud assignment of error number four to the trial court for consideration and soling. M